UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MIOK MIN and JAE HONG MIN,

        Plaintiffs    **MEMORANDUM and ORDER**

  — against —      06-CV-1103 (SLT)(KAM)

TARGET STORES,

        Defendant.
----------------------------------------------------------------X

**TOWNES, United States District Judge:**

  Before this Court is the Report and Recommendation of Magistrate Judge Kiyo A. Matsumoto, dated March 4, 2008 (the "R&R"), regarding the motion of defendant Target Stores ("Target" or "Defendant") to enforce a settlement agreement that it contends was reached between it and plaintiffs Miok Min ("Mrs. Min") and her spouse, Jae Hong Min ("Mr. Min") (collectively, "Plaintiffs"),[1] at a settlement conference before Judge Matsumoto on May 18, 2007.[2] At the conference, according to Defendant, Mrs. Min agreed to dismiss this action in exchange for $40,000.00. In the R&R, Judge Matsumoto recommended that this Court deny Defendant's motion.

  On March 14, 2008, Defendant filed objections to certain parts of the R&R pursuant to Fed. R. Civ. P. 72(b).[3] In accordance with 28 U.S.C. § 636(b)(1), this Court reviews *de novo* those

---

[1] Although Mr. Min is also a plaintiff in this action, his only claim for relief is the dependent claim of deprivation of services and society. *See* Am. Compl. ¶ 14.

[2] Around the same time that Defendant moved to enforce the settlement agreement, on September 28, 2007, Plaintiffs' then-counsel, Jeffrey Kim, Esq., moved to withdraw from representing Plaintiffs. Prior to granting Mr. Kim's motion to withdraw, Judge Matsumoto directed him to file an affirmation regarding various issues concerning the May 18, 2007 settlement conference. On October 8, 2007, Mr. Kim filed an affirmation, and on the same date, he was relieved as counsel for Plaintiffs. Plaintiffs' submissions opposing Defendant's motion were filed by their new counsel, Jeffrey Lessoff, Esq., who continues to represent Plaintiffs in this action.

[3] On April 3, 2008, Plaintiffs filed a response to Defendant's objections, and Defendant subsequently submitted a reply. However, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 6.1(b),

portions of the R&R to which Defendant objects. After carefully reviewing Defendant's objections, for the reasons set forth below, this Court adopts the R&R in its entirety.

## *DISCUSSION*

For purposes of this Order, familiarity with the facts of the case is presumed, and the Court refers the parties to the facts as stated in the R&R. Defendant has objected to the R&R in three respects. First, Defendant contends that Judge Matsumoto incorrectly found that Mrs. Min stated, at a conference held on September 19, 2007, that she was pressured into a settlement and sought to substitute counsel. Although Defendant disputes that Mrs. Min made any such claims at the conference, the minute entry for that date clearly indicates that Mrs. Min raised these issues with Judge Matsumoto.

Second, Defendant argues that the R&R suffers from three logical errors given certain findings of fact and the ultimate recommendation that the motion be denied. Its contentions regarding all three of these purported errors are without merit. Defendant first argues that the R&R correctly discounted the translating abilities of Mrs. Min's counsel since she had a friend serve as a translator. According to Defendant, the R&R should have taken the next logical step, which is to state that any issues Mrs. Min has regarding the adequacy of the translations she received should be raised as claims against her attorney or translator, not Defendant. However, Defendant's argument fails to recognize that the settlement agreement is not enforceable unless both parties assented to its terms, *see Powell v. Omnicom*, 497 F.3d 124, 128-29 (2d Cir. 2007); *Duff v. Commissioner Suffolk County Police Dept.*, No. 04-CV-1568, 2007 WL 4373444, at *3 (E.D.N.Y. Dec. 10, 2007), and any

---

Plaintiffs were required to submit a response, if any, on or before March 31, 2008. *See* Fed. R. Civ. P. 6(a) and 6(e); *see also Dreyer v. Ryder Automotive Carrier Group, Inc.*, 367 F. Supp. 2d 413, 415-16 (W.D.N.Y. 2005). Accordingly, the Court will not consider Plaintiffs' untimely response or Defendant's subsequent reply.

difficulties Mrs. Min had understanding the settlement negotiations would clearly affect the adequacy of her assent.

Defendant next argues that Mrs. Min's failure to complain about her physical condition during the settlement negotiations demonstrates that such complaints now are unreliable. The Court has no recordings or transcriptions of the May 18 settlement conference, and it cannot determine the exact nature of Mrs. Min's competency during the conference. However, Mrs. Min has submitted an affidavit, averring that she was significantly impaired during those proceedings. This Court will not reject Mrs. Min's sworn statements to adopt Defendant's speculation regarding her condition.[4]

Finally, Defendant contends that Judge Matsumoto committed an error of logic when she concluded that Mrs. Min's then-counsel's ability to speak and understand Korean was irrelevant since she had a translator, while also concluding that a language barrier and Mrs. Min's lack of understanding support a finding that no enforceable agreement was reached. Even if the Court discounts the alleged language barrier Mrs. Min had with her counsel during the settlement conference, there is no evidence that Mrs. Min's selected translator, identified only as Mrs. Min's friend, had any formal training to adequately translate the settlement negotiations and legal discussions. Moreover, as with Defendant's other arguments attacking the logic behind the R&R, this argument also fails to recognize that the Court, on this motion to enforce a settlement agreement, is concerned with the adequacy of Mrs. Min's understanding of the proceedings and her assent to the agreement, not simply whether she could effectively communicate with her attorney.

---

[4] The Court notes that the only evidence that approaches an adequate retort to Mrs. Min's sworn statements is the affidavit of Mr. Kim, her former counsel. Without any specificity, he states that Mrs. Min has no factual basis for misunderstanding the discussions had at the May 18 conference. Affidavit of Jeffrey Kim, Esq. dated October 8, 2008 ("Kim Aff.") ¶ 9. Not only does the affidavit fail to provide the details Judge Matsumoto ordered Mr. Kim to provide, the affidavit also does not adequately dispute Mrs. Min's claims that she suffered from an impairment and translation difficulties at the conference.

In determining whether the facts show that Mrs. Min entered into a binding agreement with Defendant, the Court must consider the adequacy of the translations she received, whether they came from her attorney or friend, since she avers that she relied exclusively on these translations at the May 18 conference.

Defendant's final objection to the R&R is that Judge Matsumoto failed to apply controlling law in reaching her ultimate conclusion that Plaintiffs did not voluntarily agree to settle the action.[5] At the outset, it is clear that New York law applies in this diversity action, *see Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005), and under New York law, "[a] settlement agreement is a contract that is interpreted according to general principles of contract law." *Powell*, 497 F.3d at 128 (citing *Omega*, 432 F.3d at 443 (applying Connecticut law, which the Court identifies as identical to New York law)). "A party seeking to enforce a purported settlement agreement has the burden of . . . demonstrat[ing] that the parties actually entered into such an agreement." *Benicorp Ins. Co. v. National Medical Health Card Systems, Inc.*, 447 F. Supp. 2d 329, 335 (S.D.N.Y. 2006); *see also Omega*, 432 F.3d at 447. To enforce the settlement agreement here, Defendant must demonstrate that all parties to the agreement "[had] legal capacity to negotiate, [did] in fact freely negotiate their agreement and either reduce[d] their stipulation to a properly subscribed writing or enter[ed] the stipulation orally on the record in open court." *Arthur the Dog v. U.S.*

---

[5] Defendant contends that Judge Matsumoto erred in not applying the law articulated in *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985) and *Walker v. City of New York*, No. 05-CV-0004, 2006 WL 1662702, at *6 (E.D.N.Y. June 15, 2006) to determine if Plaintiffs' counsel had authority to enter into a settlement agreement and whether Plaintiffs intended to be bound by an oral agreement, in the absence of a written agreement. However, contrary to Defendant's contentions, these authorities are not controlling. Although the *Winston* and *Walker* Courts did rule upon the issues denoted by Defendant, these issues are not currently before this Court. The issue that the Court is confronted with is more fundamental – whether Mrs Min's assent to the settlement agreement was sufficient to create a valid, enforceable agreement.

*Merchandise Inc.*, No. 05-CV-958, 2007 WL 2493427, at *4 (E.D.N.Y. Aug. 29, 2007) (quoting *McCoy v. Feinman*, 99 N.Y.2d 295, 302, 785 N.E.2d 714, 719, 755 N.Y.S.2d 693, 698 (2002), modified Mar. 21, 2003); *see also* N.Y. C.P.L.R. § 2104 ("An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.").

Here, although no evidence has been offered to demonstrate that the parties achieved a written agreement, there is evidence that the parties reached an agreement in open. *See Powell*, 497 F.3d at 129 (noting that "[p]arties may enter into a binding contract orally"). However, the absence of any recording or transcription of the May 18 settlement conference deprives this Court of the ability to examine the nature of Mrs. Min's assent. *See id.* at 131 ("The significance of announcing the terms of an agreement on the record in open court is to ensure that there are at least some formal entries . . . to memorialize the critical litigation events, and to perform a cautionary function whereby the parties' acceptance is considered and deliberate"); *see also Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL-CIO*, 402 F.3d 314, 318-19 (2d Cir. 2005) (per curiam) (relying upon statements made on the record, in open court, in finding that the parties' stipulation of dismissal was "voluntary, clear, explicit, and unqualified"); *Duff*, 2007 WL 4373444, at *3 (same).

Since Defendant has offered insufficient evidence to dispute Mrs. Min's claims regarding her physical condition and understanding of the proceedings, there is insufficient evidence of an enforceable agreement. The Court is mindful of this Circuit's strong public policy favoring the enforcement of settlement agreements, *see, e.g., Moore v. Consolidated Edison Co. of New York, Inc.*, No. 00 Civ. 7384, 2007 WL 2728657, at *4 n.4 (S.D.N.Y. Sept. 19, 2007); *Delyanis v. Dyna-*

*Empire, Inc.*, 465 F. Supp. 2d 170, 173 (E.D.N.Y. 2006), but the Court is not convinced that an enforceable agreement was reached between the parties. Accordingly, as recommended by Judge Matsumoto, Defendant's motion is denied.

## *CONCLUSION*

Upon due consideration, as set forth above, Defendant's objections are denied, and this Court adopts Judge Matsumoto's Report & Recommendation, dated March 4, 2008, in its entirety. Defendant's motion to enforce the settlement agreement, alleged to have been reached on May 18, 2007, is denied. The Clerk of Court is directed to restore this case to active status.

SO ORDERED.

Dated: Brooklyn, New York
April 15, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge